UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST JOSEPH DAVIS,

    Plaintiff,                                    Case No. 10-cv-12021

v.                                            HONORABLE STEPHEN J. MURPHY, III

UNITED STATES OF AMERICA,
et al.,

    Defendants.
                                     /

## **ORDER OF SUMMARY DISMISSAL**

This is a prisoner civil rights case brought under 42 U.S.C. § 1983. Plaintiff Ernest Joseph Davis is incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. He is proceeding without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). Docket no. 7. After careful consideration, the Court dismisses Davis's complaint pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief may be granted.

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

To state a valid claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). A *pro se* civil rights complaint

is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Davis's complaint is subject to dismissal.

Davis identifies himself as a descendent of the Washitaw Nation of Muurs, known by its indigenous name of Empire Washitaw de Dugdyahmoundyah. His complaint is confused and largely consists of sweeping allegations of conspiracies hatched by various federal and state officials to deprive him of constitutional rights. He argues that as a natural born descendent of the Washitaw Nation, he is not subject to the "statutory, colorable law jurisdiction of the Federal United States in the corporate monopoly of the federal State, local and Municipal governments." Compl. at 6. He claims that the defendants have conspired to: (i) issue him a birth certificate, depriving him of his rights as an individual sovereign, (ii) assign him a social security number without his permission by deceiving his parents into believing enrollment was required, rendering him a slave; and (iii) take private property properly in his possession. Further, Davis claims that the State of Michigan has wrongfully exercised jurisdiction over him.

The Sixth Circuit has characterized the Nation of Washitaw as "fictional." *See Bybee v. City of Paducah*, 46 Fed. Appx. 735, 736 (6th Cir. 2002). Other courts have similarly held that the Nation of Washitaw is not recognized as a sovereign nation by the United States Government. *See, e.g., Sanders-Bey v. U.S.*, 267 Fed. Appx. 464, 466 (7th Cir. 2008) ("The Washitaw Nation . . . is not recognized by the United States Government"); *see also United States v. Gunwall*, 156 F.3d 1245, *3 (10th Cir. Aug. 12, 1998) (unpublished table decision) (rejecting claim that the court lacked jurisdiction over a member of the Washitaw as "frivolous").

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. " *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). Instead, a complaint must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949, *citing Twombly*, 550 U.S. at 555. Davis's complaint alleges no facts which could plausibly entitle him to relief. His allegations of unconstitutional conspiracies are too vague to state a claim. The complaint, containing only conclusory allegations, is the epitome of "an unadorned, the-defendant-unlawfully-harmed-me" complaint which cannot establish a basis for relief. *Iqbal*, 129 S. Ct. at 1949.

For the reasons stated, the Court concludes that Davis has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court also concludes that an appeal from this order would be frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED**.

s/Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: July 19, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 19, 2010, by electronic and/or ordinary mail.

                                        s/Alissa Greer
                                        Case Manager